(7 Misc. Rep. 276.)

TWENTY-SIXTH WARD BANK OF BROOKLYN v. STEARNS et al.

(City Court of Brooklyn, General Term. February 26, 1894.)

ACTION ON NOTE—EVIDENCE.

In an action on a note, defendants alleged that they were accommodation indorsers under an agreement that another person should also indorse the note, and that the condition had not been complied with. It appeared that the agreement was made by one K., who was plaintiff's counsel at the time, and who drew the notes and procured defendants' indorsement, and then delivered them to plaintiff. *Held*, that the burden was on plaintiff to show that K. was not acting for it in making such agreement.

Appeal from trial term.

Action by the Twenty-Sixth Ward Bank against Caroline H. Stearns and George W. Stearns, Sr., impleaded with others on two promissory notes. From a judgment entered on a verdict in favor of defendants, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Thornton, Earle & Kiendl, for appellant.

Edward G. Whitaker, for respondents.

OSBORNE, J.   Action on two promissory notes made by George W. Stearns, Jr., to order of W. B. Thomas, and indorsed by Thomas and the above-named defendants, who alone defend.   The defense set up was that said notes were accommodation paper, and that these defendants indorsed only on the condition that the notes were not to be delivered unless the wife of W. B. Thomas also became an indorser, of all of which the plaintiff had notice.   It appeared on the trial that the notes in suit were given in renewal of four certain notes held by plaintiff, made by Stearns, Jr., and indorsed by Thomas and Stearns, Sr., one of which notes had matured and been protested, and the others were about maturing.   On these notes, Caroline H. Stearns was not an indorser.

That the defendants had a right to make a conditional indorsement, cannot be questioned.   The making of any condition with reference to the indorsement of the notes in suit was denied by the plaintiff.   This issue was left to the jury to determine, and it has rendered a verdict in favor of these defendants, which we see no reason for disturbing.   It appeared from the testimony that Mr. Kiendl was counsel for the plaintiff at the time the notes in suit were indorsed; that he drew the notes himself, and obtained the signatures of the makers and indorsers thereon, and delivered the notes to the plaintiff, who accepted them, and has brought this action upon them.   There was no attempt on the part of the plaintiff to explain how these notes came into its hands, other than through the instrumentality of Mr. Kiendl, who was acting as its counsel, and was also one of its directors.   The plaintiff here seeks to obtain the benefit of these notes procured for it by Mr. Kiendl, and it was for the plaintiff to show, if it could, that Mr. Kiendl was not acting for it in making the alleged agreement as to the conditional indorsement of these defendants.   The jury, by its verdict, has substantially found that such agreement was made, and we think that the verdict is supported by the evidence.   As to the defendant George W. Stearns, Jr., we may further add that, as the jury has found that the defendant Caroline H. Stearns is not liable on her indorsement, he, as a subsequent indorser to her, is relieved from liability. The judgment and order denying motion for a new trial should be affirmed, with costs.